**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA and**
**STATE OF FLORIDA ex rel. AMANDA**
**DITTMANN and CHARLOTTE**
**ELENBERGER, M.D.,**

        **Plaintiffs,**

**-vs-**                                                                         **Case No. 6:10-cv-1062-Orl-28GJK**

**ADVENTIST HEALTH**
**SYSTEM/SUNBELT, INC.,**

        **Defendant.**

_____

# ORDER

This *qui tam* action under the federal False Claims Act ("FCA") and the Florida False Claims Act is before the Court on the Motion to Dismiss (Doc. 24) filed by Defendant and the Response (Doc. 33) thereto filed by the Plaintiffs. Defendant argues that the Plaintiffs, Amanda Dittmann ("Dittmann") and Charlotte Elenberger, M.D. ("Elenberger") (collectively, "the Relators"),[1] have failed to state a claim for which relief can be granted and have failed to satisfy the requirements of Federal Rule of Civil Procedure 9(b) for pleading fraud. As set forth below, however, the Court finds that the Relators have satisfied the applicable pleading requirements and that therefore Defendant's motion must be denied.

---

[1] The United States and the State of Florida have declined to intervene in this case. (See Docs. 2 & 32).

## I. Background[2]

Defendant operates several hospitals in the central Florida area. Dittmann is a Health Information Management coding professional. From 1996 to 2001, Dittmann was employed by non-party Florida Radiology Associates ("FRA") as a compliance officer, and from 2001 to 2008 she was employed at one of Defendant's hospitals. (Doc. 8 ¶ 20). Elenberger is a physician who was employed by FRA from July 2005 until June 2008 and who exercised staff privileges at one of Defendant's hospitals from July 1995 until November 2009. (Id. ¶ 27).

In the First Amended Complaint (Doc. 8), the Relators set forth allegations of three types of activity engaged in by Defendant that they assert violate the FCA and the Florida False Claims Act. First, the Relators assert that Defendant improperly used three billing code modifiers to bypass coding edits in order to overbill Medicare, Medicaid, and Tricare/Champus[3] (collectively, "the Government Payors") for provided medical services. Second, the Relators allege that Defendant overcharged the Government Payors by using the price file number for a 5000mcg dose of the drug Octreotide when only a 1000mcg dose was actually used. Third, the Relators allege that Defendant falsely billed the Government Payors for Computer Aided Detection ("CAD") software analysis of mammograms when in fact CAD was not used in connection with those mammograms. In its motion to dismiss,

---

[2]The allegations are taken from the First Amended Complaint (Doc. 8) and are accepted as true for the purpose of ruling on the motion to dismiss.

[3]As explained in the First Amended Complaint, Tricare/Champus is a federally-funded program that provides medical benefits to, among others, spouses and children of active duty and retired service members. (See Doc. 8 ¶ 10).

Defendant challenges the sufficiency of the allegations as to all three types of activity.

## II.  Legal Standard

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them."  United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original).  Rule 9(b)'s particularity requirement applies to FCA actions.[4]  Id. (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002)).

---

[4]The Florida False Claims Act claims need not be separately discussed; the state statute is nearly identical to the FCA, and the analysis of the FCA claims applies equally to the Florida False Claims Act claims.  See, e.g., Barys ex rel. United States v. Vitas Healthcare Corp., No. 04-21431-CIV, 2007 WL 2310862, at *1 n.1 (S.D. Fla. July 25, 2007).

III.  Discussion

Defendant challenges the specificity of the Relators' allegations as to each of the three claimed improper activities.[5] However, the Relators have described in extensive and sufficient detail the fraudulent activities allegedly engaged in by the Defendants.

"Medicare claims may be false if they claim reimbursement for services or costs that either are not reimbursable or were not rendered as claimed." United States ex rel. Walker v. R&F Props. of Lake Cnty., Inc., 433 F.3d 1349, 1356 (11th Cir. 2005). The Relators have explained Defendant's improper use of three billing code modifiers and electronic presentation of bills to the Government for services billed in that manner.  Additionally, the Relators have explained the use of a price file number for a higher dose of the drug Octreotide when billing for a lower dose.  Finally, the Relators have explained the billing of CAD analysis when no such analysis was actually done.  The First Amended Complaint also describes Defendant's knowledge of the practices at issue and failure to correct or change them.

The Relators—who, as acknowledged by Defendant, are not "outsiders" as was the relator in Clausen, upon which Defendant heavily relies—have set forth a factual basis for their personal knowledge of the events at issue, and this provides the required "indicia of

---

[5] In its motion, Defendant also asserts that the Relators are not authorized to pursue their Florida False Claims Act claim because the State has not consented to them doing so. (See Doc. 24 at 24-25). However, as noted by the Relators, the State filed its Notice of No Decision to Intervene (Doc. 32) on May 23, 2012. (See Doc. 33 at 2 n.1). Thus, this portion of Defendant's motion also is without merit.

Defendant has also challenged the Relators' conspiracy allegations under the Florida False Claims Act.  (See Doc. 24 at 22-24). Relators have withdrawn their conspiracy claims, (see Doc. 34), and therefore this portion of Defendant's motion has been rendered moot.

reliability" of their allegations.  See, e.g., United States ex rel. Hill v. Morehouse Med. Assocs., Inc., No. 02-14429, 2003 WL 22019936, at *5 (11th Cir. Aug. 15, 2003) (noting that because the relator "was an employee within the billing and coding department and witnessed firsthand the alleged fraudulent submissions, her factual allegations provide the indicia of reliability that is necessary").  The Relators also describe attendance at meetings and discussions with Defendant regarding the practices at issue.  See United States ex rel. Matheny v. Medco Health Solutions, Inc., 671 F.3d 1217, 1225-28 (11th Cir. 2012) (reversing dismissal of *qui tam* action where relators, who were former employees of the defendant, supported their allegations with particularized facts, assertions of personal knowledge, and description of discussions and meetings).  In sum, the First Amended Complaint satisfies Rule 9(b)'s requirements of describing the alleged fraudulent acts, why they were fraudulent, when they occurred, and who engaged in them; the First Amended Complaint thus survives Defendant's motion to dismiss.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** that the Motion to Dismiss (Doc. 24) filed by Defendant is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 30th day of July, 2012.

*[signature]*
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record