**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA and**
**STATE OF FLORIDA ex rel. AMANDA**
**DITTMAN and CHARLOTTE**
**ELENBERGER, M.D.,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-1062-Orl-28GJK**

**ADVENTIST HEALTH**
**SYSTEM/SUNBELT, INC.,**

        **Defendant.**
_____

## ORDER

This *qui tam* action under the False Claims Act is before the Court on Defendant's Motion to Dismiss Count III of the Second Amended Complaint (Doc. 44)—a count that was added by the Relators after this Court denied Defendant's previous motion to dismiss, (see Order, Doc. 37). As set forth below, the motion is denied.

### I. Legal Standard

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original). Rule 9(b)'s particularity requirement applies to FCA actions. Id. (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002)).

## II. Discussion

Defendant operates several hospitals in central Florida. Relator Dittman is a Health Information Management coding professional who was formerly employed at one of Defendant's hospitals, and Relator Elenberger is a physician who formerly exercised staff privileges at one of Defendant's hospitals.

In the counts addressed in the prior Order, the Relators alleged improper use of billing code modifiers, use of incorrect price file numbers, and false billing for software analysis of mammograms. The Court found that the Relators had "set forth a factual basis for their personal knowledge of the events at issue, and this provides the required 'indicia of reliability' of their allegations." (Doc. 37 at 4-5). Accordingly, the prior motion to dismiss was denied.

In Count III, the Relators add a claim regarding fraudulent practices in connection with submission of bills to government payers for Emergency Department services. (Second Am. Compl. ¶¶ 66-83). Defendant argues that the Relators have not set forth a basis for personal knowledge of the activities regarding billing practices within the Emergency Department. The Relators have, however, alleged and described a basis for Relator Dittman's firsthand knowledge of information—including information about billing practices in the Emergency Department—due to her position in the Revenue Management Department. Once again, the Relators' allegations "provide the indicia of reliability that is necessary in a complaint alleging a fraudulent billing scheme." United States ex rel. Hill v. Morehouse Med. Assocs., Inc., No. 02-14429, 2003 WL 22019936, at *5 (11th Cir. Aug. 15, 2003).

### III. Conclusion

It is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Count III of the Second Amended Complaint (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 19th day of February, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record